# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| INTERNATIONAL MANAGED CARE SERVICES DE PUERTO RICO, INC. | * | |
| **Plaintiff** | * | CIVIL NO:_____ |
| v. | * | |
| INTERNATIONAL REINSURANCE MANAGERS, LLC; JUNE CHEN; MARGARITA "MARGIE" SIERRA; DIEGO YAMIL EMEDAN; WORLDWIDE INSURANCE SERVICES, INC.; INSURANCE COMPANIES A, B AND C; JOHN DOE RICHARD ROE | * * * | ACTION FOR: COLLECTION OF MONIES; TORTUOUS INTERFERENCE WITH CONTRACTS; SLANDER; DEFAMATION; LIBEL; LIBEL PER SE; BREACH OF FIDUCIARY DUTIES |
| | * | Plaintiff demands trial by jury |
| **Defendants** | * | |

## COMPLAINT

TO THE HONORABLE COURT:

COMES NOW plaintiff, International Managed Care Services de Puerto Rico, Inc. (hereinafter sometimes referred to as IMCS), through its undersigned attorneys and respectfully states and prays as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Honorable Court is invoked pursuant 28 U.S.C. §1332, based on the diversity of citizenship of the plaintiff and all defendants of this litigation and the amount claimed herein is in excess of $75,000.00, exclusive of costs and attorneys' fees. Venue is proper in this district.

1

**PARTIES**

2. Plaintiff, International Managed Care Services de Puerto Rico, Inc. ("IMCS") is a corporation registered in the Commonwealth of Puerto Rico, with offices located in San Juan, Puerto Rico.

3. Co defendant International Reinsurance Managers, LLC (hereinafter sometimes referred to as IRM) is a limited liability company of the State of Florida with principal place of business in the City of Miami, Florida.

4. Co defendant June Chen is an individual of legal age, married, an employee and resident of the City of Miami, Florida.

5. Co defendant Margarita "Margie" Sierra is an individual, of legal age, married, an employee and resident of the City of Miami, State of Florida.

6. Co defendant Diego Yamil Emedan is an individual of legal age, married, an employee and resident of the State of Pennsylvania.

7. Co defendant Worldwide Insurance Services, Inc. is a corporation organized under the laws of the State of Pennsylvania with principal place of business in Lewisburg, Pennsylvania of which Diego Yamil Emedan is its President, director, officer and stockholder.

8. Codefendants Insurance Companies A, B, and C are presently unknown insurance companies or entities that had issued and in force contract(s) of insurance of some kind that covered the risks mentioned in this complaint with principal place of business outside of Puerto Rico.

9. Co defendants John Doe and Richard Roe are presently unknown individuals and/or corporations and/or other types of entities that participated with the defendants in the illegal and unlawful actions and/or omissions hereinafter set forth in this complaint whose citizenships are located outside of Puerto Rico.

## FACTS

**Plaintiff: International Managed Care Services, Inc. (IMCS)**

10. Since the year 1997, IMCS is and has been in the business of providing certain specialized management and other types of services to health insurance companies in Puerto Rico such as Triple S, Cruz Azul, MCS, Atlantic Southern Insurance Company, Mapfre Praico Insurance Company, PALIC, Universal Life Insurance Company, and others (IMCS' clients). Among other, IMCS also provides management and coordination services to obtain and process treatments and hospitalization to patients suffering catastrophic illnesses. Through out the years and specifically in the year 2007, IMCS increased its gross revenues to approximately $1 million.

11. During the relevant times, IMCS' major client was Triple S and their contractual relationship evidenced in yearly written contracts. The expiration date of the last contractual relationship between IMCS and Triple S was December 31, 2007. Thereafter, the contract extended on a monthly basis until the end of April 2008.

12. The majority stockholder of IMCS is a Puerto Rican corporation called IMCS Holdings, Inc. with 85% of the stock of IMCS, of which Edmundo Santiago

(Santiago) in his individual capacity is the majority stockholder. The remaining 15% belongs to Nélida Gómez.

**Not a party in this case: International Reinsurance Partners (IRP)**

13. Santiago is, also, the majority stockholder of a Florida company called International Reinsurance Partners (hereinafter "IRP"), holding 68.5% of its stock. Co defendant June Chen is a minority stockholder of IRP, holding 31.5% of its stock. IRM operates in the health related reinsurance business.

**Co defendant: International Reinsurance Managers LLC (IRM)**

15. IRP is 40% stockholder of co defendant International Reinsurance Managers LLC (IRM) a Florida limited liability company. The other stockholder of IRM is a company from the Island of Turks and Caicos called IRM Holdings. Emanuel Alexiou, a resident of the Bahamas and President of an insurance company of the Bahamas, is, directly or indirectly, the majority stockholder of IRM.

**Other facts:**

16. Until December 7, 2007, Santiago was President, officer and director of co defendant IRM and operated the business of IRM from its offices in Miami, Florida. On December 6, 2007, Santiago, was illegally ousted and removed from all positions held at IRM, without cause, by the Board of Directors of IRM. This occurred as a result of personal vendettas, power struggles, and illegal ambitions by co defendant June Chen, against Santiago, as well as other illegal acts and conspiracies of June Chen, Margarita Sierra, Emanuel Alexiou, Diego Yamil

Emedan, and others, performed in the state of Florida. Santiago learned of his discharge on December 7, 2007. Santiago maintains a proprietary relationship with IRM through his stock participation in IRP. On December 6, 2007, co defendant June Chen was appointed President of IRM.

17. As a result of the aforementioned, there are presently pending before the courts of the State of Florida, several litigations between the afore stated parties and other individuals and/or entities, except Emedán, including complaints, counterclaims and third party complaints, all filed during the year 2008.

18. Since, at least, the month of December 2007, co defendants IRM, June Chen and Margie Sierra developed the malicious intent to cause the total economic demise of Santiago and all the entities in which he has some participation, including plaintiff IMCS in Puerto Rico. In the year 2007, Santiago terminated a personal relationship with June Chen. This was one of the motivations of June Chen to cause damages to Santiago and all entities in which he participated. As new President of IRM, June Chen obtained significant influence and control over Margie Sierra, Diego Yamil Edemán and others to convince them to develop the same malicious intent that she had against Santiago. For their own personal reasons, they all agreed to participate in the implementation of a plan to cause the total and/or partial financial demise of Santiago and of all the entities to which he is related, including plaintiff IMCS.

19. Beginning December 2007 and continuing to January 2008, June Chen instigated and prompted co defendant Margie Sierra, individually and/or as

5

employees of IRM, as well as co defendant Diego Yamil Emedan in his individual capacity and/or as employee of co defendant Worldwide Insurance Services, Inc. to cause the financial demise, total or partial, of plaintiff IMCS.  Said defendants conspired, colluded, and connived, within the Commonwealth of Puerto Rico, to do so.  The conspiracy and illegal acts were the result of an agreement reached amongst the said defendants, during personal meetings held in Puerto Rico and while utilizing long distance and local telephone conversations and other communication methods, to cause the clients of plaintiff IMCS to cancel the contracts they had with IMCS and inflict economic distress to IMCS (the "conspiracy").  This was done by the said defendants providing to IMCS' clients false and defamatory statements against plaintiff IMCS. This was done by all said defendants with the intent of defaming IMCS and causing damages to IMCS, knowingly and with malice aforethought.

20. After December 1, 2007, in furtherance of the said conspiracy, co defendants, June Chen and Margie Sierra, individually, and/or, as employees of IRM, and co defendant Yamil Emedan, in his individual capacity, and/or, as employee of co defendant, Worldwide Insurance Services, Inc., visited and met, in Puerto Rico, with all, and/or, some, of IMCS' clients.  During those meetings, the said defendants provided IMCS' clients with false, incorrect, and defamatory statements about IMCS.  The afore stated acts were perpetrated by said defendants, knowingly, with bad faith, with malicious intent and with the purpose of causing damages to IMCS.

6

21. As a result of the aforementioned, by letter of January 30, 2008, delivered on said date, Triple S, Inc., that was IMCS' major client, noticed termination of their agreement with IMCS, effective April 30, 2008. Within the next months, all IMCS' clients, except Atlantic Southern Insurance Company, orally noticed termination of their respective agreements with IMCS. All of this caused significant damages to plaintiff IMCS, including, without limitation, economic damages, damages to its business reputation and loss of business opportunities to IMCS.

22. In addition to the foregoing, with the intent of defaming IMCS and causing further damages to IMCS, knowingly and with malice aforethought, during the month of July 2008, IRM, through its new Board of Directors, sent a letter to IMCS' affiliates and other business related entities and to clients of IRM, which contained false and defamatory statements against IMCS. The letter was addressed to "Dear clients" falsely stating that IMCS had been sending IRM's clients electronic mails that contained "false information". It also said that IRM was spreading, and propagating "false information" about IRM and that IRM "is against attitudes of persons that promote, feed and stimulate obtaining business through false and quarrelsome imputations which goes against any principle that rules transparent and honest relations between persons…". Contrary to IRM's slanderous and libelous statements contained in the letter, all information provided by IMCS to IRM's clients, and others, was true.

23. IRM also owes certain monies to IMCS resulting from the actions and omissions set forth in paragraph 25 of this complaint.

## FIRST CLAIM FOR RELIEF
### (Collection of monies)

24. Plaintiff repeats, restates, and realleges the information contained in the preceding paragraphs of this complaint.

25. IRM owes to plaintiff an amount in excess of $90,000.00 for the following:

    a. An amount in excess of $70,000.00 for the per member per month contracts with various insurance companies, which moneys belong to IMCS but are in the possession of IRM and which IRM has illegally withheld in violation of its reinsurance contracts with the various insurance companies and IMCS.

    b. An amount in excess of $20,000.00 for repricing fees.

26. The foregoing amounts are owed, liquid and claimable.

## SECOND CLAIM FOR RELIEF
### (Tortous interference with contracts; damage against third party)

27. Plaintiff repeats, restates, and realleges the information contained in the preceding paragraphs of this complaint.

28. The illegal and unlawful acts committed by the defendants, intervening malice and the intent to cause damages to plaintiff, that caused the cancellation of contracts that IMCS had with its clients, constitute a tortuous interference with contracts and are damages against a third party, in this case, the plaintiff.

29. When the defendants caused the cancellation of the plaintiff's contracts with malice aforethought and with the intent to cause damages to plaintiffs, a person affected, in this case, the plaintiff. Damages were caused to plaintiff because IMCS' clients cancelled the contracts that produced plaintiff's main revenues, there was a causal nexus between the damage and the contracts there was the intention of causing damages to plaintiff by the defendants, jointly and severally. In addition, plaintiff was in relation to the parties through a legal connection, that is, the contracts, which were cancelled, resulting from the defendants' illegal and unlawful acts.

30. As a result of the malicious and damaging tortuous interference of the defendants with plaintiff's contracts, plaintiff lost and expects to lose an amount in excess of $600,000.00 in gross revenues for the year 2008, plus, other revenues hereinafter set forth.

31. Plaintiff IMCS had been serving its clients since the year 1997 in a consecutive and increased revenue basis. For the past five years plaintiff had been able to maintain an excellent relationship with its clients. It is reasonable and was foreseeable that plaintiff was going to continue the business relationship with its clients for a reasonable amount of time, of, at least, five more years receiving increases in revenues, had it not been for the tortuous interference and damages to third party incurred by the defendants, jointly and severally. Therefore, plaintiff is losing an amount in excess of $5 million in gross revenues resulting from the

defendants' illegal and unlawful acts in the acts that constitute tortuous interference and damage to third parties.

32. The aforementioned illegal and unlawful acts committed by the defendants, jointly and severally, were culpable and negligent acts that violate several provisions of the Puerto Rico Civil Code, including, article 1802, 31 L.P.R.A. 5141. The defendants are obligated to compensate plaintiff for all the damages caused to plaintiff in an amount in excess of $5 million, in this claim for relief.

### THIRD CLAIM FOR RELIEF
### (Slander, defamation and libel)

32. Plaintiff repeats, restates, and realleges the information contained in the preceding paragraphs of this complaint.

33. In pursuing the acts herein complained of, the defendants, jointly and severally, with malice aforethought and with the intent of causing damages to plaintiff, as it did in fact occur, the defendants incurred in slander, defamation, libel and libel per se. This is prohibited by article 1802 if the Civil Code of Puerto Rico, 31 L.P.R.A. §5141 and by the Libel and Slander laws of Puerto Rico, 32 L.P.R.A. §§ 3141-3149, as well as Article II, section 8 of the Constitution of the Commonwealth of Puerto Rico. In Puerto Rico every person also has the right to the protection of the laws against abusive attacks against his, her or its reputation.

34. The letter that IRM wrote to IRM's clients and to other entities is libelous per se. The letter tends to discredit, diminish or dishonor IMCS and/or

10

exposes IMCS to the hate and/or scorn of the people and/or to deprive IMCS of the public confidence and/or social treatment and/or to harm IMCS in its businesses, as it actually happened.

35. The letter was written in a culpable and/or negligent manner. IMCS is not a public figure. The information contained in the letter previously quoted in this complaint is false because IMCS had not sent out electronic mails to clients of IRM with "false information"; it was false that IMCS was propagating "false information" about IRM. Moreover, when IRM said in the letter that it "is against attitudes of persons that promote, feed and stimulate obtaining business through false and quarrelsome imputations which goes against any principle that rules transparent and honest relations between persons…" was directly indicating that plaintiff IMCS was making false and quarrelsome imputations against IRM, which was not true. In addition, when IRM said in the letter that IMCS did not follow principles of honesty and transparency, IRM slandered, defamed and libeled IMCS because that statement was also false. IMCS always followed the principles of honesty and transparency in its business deals and always acted in good faith and dealt fairly.

36. As a result of the illegal and unlawful acts of the defendants, jointly and severally, whereby they incurred in slander, defamation, libel and libel per se against the plaintiff, plaintiff suffered damages to its reputation in an amount in excess of $5 million.

11

## FOURTH CLAIM FOR RELIEF
### (Breach of fiduciary duties)
### (This claim is against Diego Yamil Emedan, and/or Worldwide Insurance Services, Inc.)

37. Plaintiff repeats, restates, and realleges the information contained in the preceding paragraphs of this complaint.

38. At all times relevant herein, co defendant Diego Yamil Emedán ("Emedán") and/or Worldwide Insurance Services, Inc. ("WWIS) had an agency relationship with IMCS, whereby he/it/they secured contracts for IMCS in exchange of the payment of commissions.

39. By participating in the conspiracy and its affirmative acts thereof, Emedán and/or WWIS departed form the fiduciary duties he/it/they had to its client, IMCS.

40. Emedán and/or WWIS had a fiduciary duty with the principal, IMCS, which he/it/they breached by providing false and misleading information to clients of IMCS and helping to promote the conspiracy with malice, knowingly and with the intent to cause damages to IMCS.

41. In some instances, Emedán and/or WWIS, received payments from IMCS, and from the clients he/it/they was (were) obtaining for IMCS, all of which he/it/they did for his/its/their own personal gain over and above his/its/their fiduciary duties as agent of IMCS.

42. As a result of what is contained in this Fourth Claim for relief, plaintiff IMCS, has been damaged in an amount in excess of $100,000.00 for which Diego Yamil Emedán and/or WWIS is/are jointly responsible to plaintiff.

## JURY DEMAND

43. Plaintiff demands trial by jury.

WHEREFORE, plaintiff respectfully requests judgment in its favor and that this Honorable Court order the defendants to pay plaintiff, jointly and severally:

1. A sum in excess of $90,000.00 in the First Claim for Relief for collection of moneys;

2. A sum in excess of $5 million in the Second Claim for Relief for tortuous interference with contractual relations and damages to third party;

3. A sum in excess of $5 million in the Third Claim for Relief for slander, defamation, and libel, including libel per se;

4. A sum in excess of $100,000.00 in the Fourth Claim for Relief for violation by Diego Yamil Emedán and/or WWIS of fiduciary duties;

5. Interests from the date the action arose in the first claim for relief and since the filing of this complaint for the other three claims for relief;

6. The costs and expenses of this litigation and a reasonable sum for attorneys' fees;

7. And to enter any other remedy at law, or equity, deemed proper in the premises.

In San Juan, Puerto Rico, this 7th day of October 2008.

| | |
|---|---|
| S/Julián Rivera-Aspinall | S/Fernando L. Gallardo |
| USDC PR # 208506 | USDC PR # 114609 |
| RIVERA-ASPINALL, | WOODS & WOODS LLP |
| GARCÍA & FERNANDINI | P. O. Box 193600, |
| 1647 Adams Street, | San Juan, Puerto Rico |
| Summit Hills, | 00919-3600 |
| San Juan, Puerto Rico 00920-4510 | Tel: (787) 759-7600 |
| Tel (787) 792-8644 | Fax: (787) 758-7162 |
| Fax: (787) 792-6475 | E mail: woodsandwoods@prtc.net |
| E mail: aspinall@prtc.net | |